IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL S. SHICK, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 06-930 |
| | ) Chief Judge Donetta W. Ambrose |
| JEFFERSON COUNTY PRISON; et al., | ) Magistrate Judge Amy Reynolds Hay |
| Defendants. | ) |

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the amended complaint filed in the above-captioned case (Dkt. No. 16) be dismissed for failure to prosecute.

II.   Report

The plaintiff, Russell S. Shick, has presented a civil rights complaint against Jefferson County Prison, Jefferson County Commissioners, Jefferson County Prison Board and a number of individual defendants, in which he complains of overcrowded conditions at Jefferson County Prison and the adequacy of the medical care provided to him there.

On January 10, 2007, this Court issued two orders directing plaintiff to file responses to the two motions to dismiss filed by the various defendants on or before February 8, 2007 (Dkt. Nos. 40, 41). Plaintiff failed to respond by that date and on April 5, 2007, the Court issued an Order to Show Cause, returnable by April 20, 2007, why the motions should not be decided without plaintiff's response or why the case should not be dismissed for failure to prosecute (Dkt. No. 44). Although the Order to Show Cause was returned to the Court

undelivered, indicating that plaintiff was no longer residing at the Jefferson County Prison, plaintiff has nevertheless failed to notify the Court of his whereabouts or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's orders and failure to notify the Court that he is no longer incarcerated at the Jefferson County Prison which weigh heavily against him.  Plaintiff's failure to respond to the defendants' motions to dismiss, his subsequent failure to notify the Court of his change of address so that the Court could communicate with him and his consequent failure respond to the order to show cause was not only solely his personal responsibility but his failure to respond to defendants' motions almost three months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's orders -- other than the expense of filing motions seeking dismissal of the case, there appears to be no specific prejudice to defendants other than general delay.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate.  However, because he has failed to respond to defendants' motions to dismiss and failed to notify the Court of his change of address so that the case may go forward as evidenced by his failure to respond to the order to show cause, it appears that the plaintiff has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

§/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 30 April, 2007

cc: Russell S. Shick
Jefferson County Prison
578 Service Center Road
Brookville, PA 15825

Marie Milie Jones, Esquire
Michael R. Lettrich, Esquire
Meyer, Darragh, Buckler, Bebenek & Eck
600 Grant Street
US Steel Tower, Suite 4850
Pittsburgh, PA 15219

James R. Miller, Esquire
Linda V. Hernandez, Esquire
Dickie, McCamey & Chilcote
Two PPG Place
Suite 400
Pittsburgh, PA 15222-5402